JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-08745-RGK (PLAx) | Date | January 10, 2014 |
|---|---|---|---|
| Title | *RONALD PEELEMAN v. CENTRAL MORTGAGE CO., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On September 27, 2013, Ronald and Linda Peeleman ("Plaintiffs") filed a complaint against Central Mortgage Company ("CMC") and PLM Lender Services, Inc. ("PLM") alleging state claims arising out of a mortgage foreclosure.

On November 26, 2013, CMC removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship.[1] Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Here, the Complaint fails to allege an specific amount in controversy. Therefore, CMC must supply this jurisdictional fact by a preponderance of the evidence. In its Notice of Removal, CMC refers only to an allegation in the Complaint that "the property at issue had hundreds of thousands of dollars in equity." (Compl., ¶ 24.) This statement, by itself, particularly when considered within the full context of

---

[1] According to the Notice of Removal, PLM, a California corporation, was merely the foreclosure trustee. PLM filed a declaration of non-monetary status, to which Plaintiff did not object. Therefore, PLM's consent to removal was unnecessary, and its citizenship is irrelevant for purposes of jurisdiction.

the allegations, fails to satisfy CMC's burden. Accordingly, Defendants has failed to satisfy its burden of showing that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |